United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONNIE RANDLE,
Plaintiff,

v.

SAN FRANCISCO SHERIFF DEPT., et al.,
Defendants.

Case No. 26-cv-12491-JSC

**ORDER OF PARTIAL DISMISSAL AND OF SERVICE**

## INTRODUCTION

Plaintiff, a San Francisco County Jail inmate proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983. The complaint (ECF No. 1) names three Defendants: the San Francisco Sherriff's Department, Captain Winters, and Deputy Kim. (*Id.* at 2.) Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the claims against the San Francisco County Sherriff's Department and Captain Winters are not capable of judicial determination, but the claim against Deputy Kim is. Accordingly, the claims against the San Francisco County Sherriff's Department and Captain Winters are DISMISSED, and service is ordered upon Deputy Kim.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901

F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges while he was being escorted by Deputy Kim and another deputy, he asked Kim not to walk so closely to him. (ECF No. 1 at 2.) Deputy Kim "twisted my arm and pulled it up high and tossed me to the wall hurt my upper shoulder badly." (*Id.* at 2-3.) When liberally construed, these allegations state a claim for the use of excessive force in violation of Plaintiff's right to due process under the Fourteenth Amendment.[1]

As noted, Plaintiff also names Captain Winters as a defendant. Winters's only alleged involvement in Plaintiff's allegations is he upheld the denial of Plaintiff's administrative grievance on the grounds that Plaintiff's medical records showed his shoulder injuries were preexisting.[2] (*Id.* at 2, 5.) Winters's alleged denial of an administrative grievance does not state a plausible claim for the violation of Plaintiff's constitutional rights because he did not have a constitutional

[1] The Court assumes Plaintiff was a pretrial detainee at the time of the incident, but if he was already convicted, then his claim falls under the Eighth Amendment. *See*

[2] Plaintiff denies he had a preexisting shoulder injury.

right to an administrative grievance in the first place. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Additionally, the fact that Winters is a supervisor is not sufficient to make him legally liable for his subordinates' alleged violation of Plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that under no circumstances is a supervisor liable under a theory of "respondeat superior," that is, under a theory that they are liable for the actions of their subordinates, under Section 1983). Accordingly, the complaint does not state a claim that is capable of judicial review and determination against Defendant Winters.

The complaint also does not state a plausible claim against the San Francisco Sherriff's Department[3] under Section 1983. Local municipal governments are "persons" subject to liability under 42 U.S.C. § 1983 when official policy or custom causes a constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). However, a city or county cannot be held liable for the unconstitutional acts of its employees under the theory that it liable because it is the employer of officials whose actions violated a plaintiff's constitutional rights. *Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). So, to impose liability on a county under Section 1983 for a violation of constitutional rights resulting from a local government's action or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality [county] had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted)).

Kim's alleged use of force is the only instance of excessive force alleged. "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). Kim's alleged use of force, without more, does not support a reasonable inference there was a custom or policy of excessive force at the jail,

[3] The Sherriff's Department is not itself an independent municipal entity that can be sued; rather, it is a department within the City and County of San Francisco. For purposes of this review, the Court assumes Plaintiff means to sue the City and County of San Francisco as the municipal entity that runs the Sherriff's Department.

or that any such custom or policy caused Kim's alleged use of force. Therefore, the complaint does not state a claim capable of judicial determination and review under which the San Francisco Sherriff's Department can be held liable Section 1983.

**CONCLUSION**

For the foregoing reasons,

1. The claims against the San Francisco Sherriff's Department and Captain Winters are DISMISSED. The claim against Defendant Deputy Kim is, when liberally construed, capable of being heard and decided.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint with attachments, and a copy of this order on Deputy Kim (badge #1494) at the San Francisco County Jail.

The Clerk shall also mail a courtesy copy of the complaint with all attachments and a copy of this order to the San Francisco City Attorney's Office.

3. Defendant Kim shall file an answer in accordance with the Federal Rules of Civil Procedure.

4. To expedite the resolution of this case:

a. No later than **February 9, 2027**, Defendant Kim shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendant shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **March 9, 2027.** Plaintiff must read the attached

page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d. Defendant shall file a reply brief no later than **March 23, 2027**.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. All communications by Plaintiff with the Court must be served on Defendant Kim or their counsel once counsel has been designated, by mailing a true copy of the document to Defendant Kium or their counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: November 10, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.